# United States Court of Appeals

## For the First Circuit

No. 99-1810

MARIA D. FELICIANO DE LA CRUZ, ERASMO JIMENEZ,
AND THEIR CONJUGAL PARTNERSHIP,
Plaintiffs, Appellants,

v.

EL CONQUISTADOR RESORT AND COUNTRY CLUB
AND HUGH A. ANDREWS
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

ORDER DENYING PANEL REHEARING
Entered: July 28, 2000

In this order, we address the appellant's argument that our decision in Feliciano v. El Conquistador, 2000 WL 709928, No. 99-1810 (1st Cir. June 6, 2000) (evaluating employment discrimination claim under Title VII), is contrary to the recent decision of the Supreme Court in Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097 (2000) (evaluating claim under the Age Discrimination in Employment Act). In Reeves, the

Supreme Court said it was resolving the conflict between the Courts of Appeals "as to whether a plaintiff's prima facie case of discrimination . . ., combined with sufficient evidence for a reasonable factfinder to reject the employer's nondiscriminatory explanation for its decision, is adequate to sustain liability for intentional discrimination." Id. at 2104. In some circuits a plaintiff's evidence of a prima facie case and pretext, without more, was adequate to get to the jury on a discrimination claim; in others, there was a requirement that the plaintiff produce additional evidence that the employer acted with discriminatory animus. See id. at 2104-05. The Court placed the First Circuit in the latter group, see id. (citing Woods v. Friction Materials, Inc., 30 F.3d 255 (1st Cir. 1994)).

Although our prior use of the label, "pretext plus," may have resulted in a misunderstanding about the proof required to state a discrimination claim in this circuit, we have been careful to explain that the phrase did not mean that the plaintiff always must present evidence beyond the proof of pretext in order to establish discrimination. In both Woods and Thomas v. Eastman Kodak Co., we emphatically said that this is not the case. See Thomas v. Eastman Kodak Co., 183 F.3d 38, 57 (1st Cir. 1999) cert. denied, 120 S.Ct. 1174 (2000) ("Although it uses the label 'plus,' the First Circuit's 'pretext plus' standard does not necessarily require the introduction of additional evidence beyond that required to show pretext.")(internal quotation marks omitted); Woods, 30 F.3d 255, at 260 n.3 ("[S]ome cases exist where a prima facie case and the disbelief of a pretext could provide a strong enough inference of actual discrimination to permit the fact-finder to find for the plaintiff.").

Our precedents are consistent with Reeves, and our application of those precedents in the case at hand was consistent with Reeves. We explained that Feliciano was not required to show any evidence in addition to her evidence of pretext in order to get to the jury. Although we concluded that Feliciano's explanations of her job performance problems generated a triable issue of pretext, we found her evidence of pretext "thin" (consisting primarily of her own explanations of why she was unable to perform her job adequately). That evidence did not "shed any light on what El Conquistador's true reason for firing her was, let alone show that the reason was discrimination based on Feliciano's Puerto Rican origin."

2

Our approach was therefore consistent with Reeves, which makes clear that "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." 120 S. Ct. at 2106. Although the Court emphasized that "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, . . . [and that] [i]n appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose," it did not announce a rule that a showing of pretext alone always precludes summary judgment in a case alleging intentional discrimination. To the contrary, the Court emphasized that, "Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 2109. Our conclusion that Feliciano failed to adduce sufficient evidence to survive summary judgment based on the particular weakness of her case, therefore, is entirely consistent with the Supreme Court's conclusion that the plaintiff in Reeves was entitled to have his claim heard by a jury.

The petition for panel rehearing is denied.

By the Court:
Phoebe Morse, Clerk

By: Janice M. O'Neil
    Chief Deputy Clerk

3